UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the matter of: | Case No. 95-48268 |
| MTG, Inc., | Chapter 7 |
|         Debtor | |
| _____/ | Judge Thomas J. Tucker |
| GUY C. VINING, | |
|         Plaintiff, | |
| vs. | Adv. Pro. No. 03-4950 |
| COMERICA BANK, et al., | |
|         Defendants.   / | |

**OPINION REGARDING PLAINTIFF'S MOTIONS
FOR TURNOVER OF ESTATE DOCUMENTS, ENFORCEMENT OF THE
AUTOMATIC STAY, AND FOR SANCTIONS**

This adversary proceeding is before the Court on the Plaintiff Trustee's motion entitled "Trustee's Motion for (1) Order Compelling Turnover of Estate Property and (2) Sanctions Due to Misconduct of Removed Trustee" (Docket # 282, the "Turnover Motion"). Also before the Court is a similar motion filed by the Trustee in the main bankruptcy case, entitled "Trustee's Corrected Motion for Entry of Order Enforcing Automatic Stay Under 11 U.S.C. § 365(a), for Contempt, and Compelling Charles J. Taunt, Charles J. Taunt & Associates, and Plunkett & Cooney, P.C. to Turn Over All Estate Records and Files" (Docket # 1505 in Case No. 95-48268, the "Automatic Stay/Contempt Motion"). The Court held lengthy hearings on both

motions, on April 14, May 12, and September 1, 2010, then took them under advisement. For the reasons stated in this opinion, both motions will be denied.[1]

## I. Background

The motions arise from the discovery by Trustee's counsel, during the October 14, 2008 deposition of witness Tammy Bensinger, that counsel for Defendant Charles J. Taunt had in his possession the originals of certain business records of the Debtor MTG, Inc. Further discussions between counsel revealed to Trustee's counsel that these original documents, which are property of the MTG, Inc. Chapter 7 bankruptcy estate, were contained in a box of documents that included approximately 2,000 pages.[2] The Trustee alleged in his Automatic Stay/Contempt Motion that these original documents, which are property of the MTG bankruptcy estate, include the following types of documents:

- Accounts Receivable Aged Invoice Reports
- Accounts Payable Agings
- Cash Disbursements Journal
- Cash Credit Reports
- Cash Receipts
- Linear Control Reports
- Cancelled Checks
- Loan, Interest, and Principal Statements for years 1990-1995
- Principal Payment and Disbursement Reports
- Loan Rollover Histories
- Payroll Records
- Profit Sharing Plan

---

[1] The Court will file a copy of this opinion in the main case, in addition to filing it in this adversary proceeding, and will enter separate orders — one in the main case and one in this adversary proceeding — denying the motions.

[2] Docket # 1520, Ex. 1. To put this 2,000 pages of documents in perspective, Taunt's counsel stated, during the May 12, 2010 hearing on the motions, without contradiction, that the Trustee has produced some 34,000 pages of documents, and Defendant Comerica Bank has produced some 15,000 pages of documents, in discovery in this adversary proceeding.


- Adding Machine Tapes[3]

On October 16, 2008, Trustee's counsel visited the office of Taunt's counsel, and reviewed this box of documents. The Trustee demanded that Taunt's counsel turn over to the Trustee all of the original documents, on the theory that they were property of the bankruptcy estate and that the Trustee had the exclusive right to possess them. Counsel for the Trustee and for Taunt exchanged correspondence regarding the Trustee's turnover demand, which included exchanges of competing proposed orders relating to the turnover of the documents. On November 17, 2008, Taunt's counsel gave the Trustee's counsel compact discs containing a copy of all of these documents, and the discs included coloring that was on the original documents, such as yellow highlighting.[4] The parties did not reach agreement on an order governing the turnover of the original paper documents to the Trustee, and the Trustee filed the motions at issue on December 2, 2008.

On December 17, 2008, during a hearing held on other matters in this adversary proceeding, Taunt's counsel physically handed over the box of documents in question to Trustee's counsel in court, and each counsel made statements on the record about this turnover event.

The Trustee's motions, which were filed before the December 17, 2008 turnover of the documents just described, seek a panoply of relief against Defendant Taunt and/or his counsel, as well as limited injunctive relief against Defendant Plunkett & Cooney, P.C. First, the Trustee

---

[3] Docket # 1505 at 4-5.

[4] Taunt's counsel made this representation during the May 12, 2010 hearing, and Trustee's counsel did not dispute this. *See also* Docket # 1520 at n.3.

3

seeks an order compelling Defendant Taunt, his counsel, and Plunkett & Cooney to immediately turn over to the Trustee any and all original documents in their possession that are property of the MTG bankruptcy estate. Second, the Trustee seeks an order imposing sanctions in the form of monetary and other relief against Defendant Taunt, including attorney fees and expenses, and including an order precluding the Defendants from attempting to prove certain things regarding MTG's pre-petition financial condition, including certain propositions regarding the legitimacy and quality of MTG's accounts receivable.

## II. Discussion

The Court has considered all of the extensive written and oral arguments by the parties concerning these motions, as well as the exhibits filed and presented in court during the hearings on the motions. The Court concludes that no relief should be granted on either of these motions, and that the motions should be denied, for the following reasons.

To the extent the motions seek an order compelling Taunt, Taunt's counsel, and/or Plunkett & Cooney to turn over to the Trustee all original documents that the Trustee contends are property of the MTG bankruptcy estate, the motions are now moot. This is so because (1) the Trustee received, in open court, from Defendant Taunt and his counsel, all of the original documents in question on December 17, 2008; and (2) Taunt, Taunt's counsel and Plunkett & Cooney and its counsel, have represented on the record that they do not have any other original MTG documents; and the Trustee has not demonstrated otherwise.

With respect to the aspects of the Trustee's motions that are not moot, no relief will be granted, for the following reasons.

**First**, in order to obtain a turnover order under 11 U.S.C. § 542(a), and any related relief, because of the alleged failure by Taunt or his counsel to turn over original documents that are property of the bankruptcy estate, the Trustee was required to file an adversary proceeding seeking such relief, under Fed.R.Bankr.P. 7001(1). That rule says, in pertinent part, that adversary proceedings include "a proceeding to recover money or property, other than a proceeding to compel **the debtor** to deliver property to the Trustee, . . . ." (emphasis added). The Trustee did not file such an adversary proceeding, but rather sought such relief by motions filed in the main bankruptcy case and this adversary proceeding. To date, however, neither this nor any other adversary proceeding includes any claims by the Trustee for the turnover relief sought by the Trustee's present motions.

**Second**, in order to obtain any relief under § 542(a) based on Taunt's failure to turn over property of the estate to the Trustee,[5] the Trustee has the burden of demonstrating, among other things, that the property in question is of more than inconsequential value or benefit to the estate. *McClatchey v. Ohio Pub. Emps. Deferred Comp. Program* (*In re Matheney*), 138 B.R. 541, 548 (Bankr. S.D. Ohio 1992)(citations omitted) (stating that a trustee seeking turnover under 11 U.S.C. § 542(a) "must establish the following elements: (1) the possession, custody, or control of

---

[5] Section 542(a) states:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

property by an entity; (2) the property must be property that the trustee can use in accordance with § 363; and (3) the property must have more than an inconsequential value or benefit to the estate"); *see also Collins & Aikman Corp. v. Northern Trust Bank of Cal., NA.* (*In re Collins & Aikman Corp.*), No. 06-4435, 2006 WL 2310798 (Bankr. E.D. Mich. August 9, 2006)(relying on and quoting *Matheney*, 138 B.R. at 548); *United States v. Chalmers* (*In re Wheeler*), 252 B.R. 420, 425 (W.D. Mich. 2000)(quoting *Alofs Mfg. Co. v. Toyota Mfg. Co.* (*In re Alofs Mfg. Co.*), 209 B.R. 83,91 (Bankr. W.D. Mich. 1997))("It is well established that the burden of proof ["by a preponderance of the evidence in the record"] is on the party seeking turnover of property of the estate[.]").

The Trustee failed to demonstrate that the original documents at issue have more than an inconsequential value or benefit to the MTG bankruptcy estate. The only argument the Trustee made on the subject, which would tend to support the proposition that the original documents in question are of consequential value or benefit to the estate, is that the Trustee has been prejudiced in the prosecution of his claims against the Defendants in this adversary proceeding by the failure and delay of Taunt and his counsel to turn over the original documents.

But the Trustee failed to demonstrate any such prejudice. First, during the hearings on the motions, Taunt demonstrated, and the Trustee ultimately conceded, that *copies* of at least 25% of the documents in question had been previously produced to the Trustee's counsel by the Defendants, in discovery in this adversary proceeding. Second, none of the specific forms of prejudice argued by the Trustee actually amount to prejudice, because none of these forms of alleged prejudice was shown to have impaired or damaged the Trustee's ability to prosecute his claims in this adversary proceeding.

More specifically, to the extent Trustee's counsel did not have certain of these original MTG documents before the depositions of Tammy Bensinger and Kirk Vercnocke were taken, there is no indication that either witness would have testified any differently than they did in their depositions, if Trustee's counsel had obtained all the missing documents beforehand. Furthermore, Trustee's counsel did not ask any questions of these witnesses in their depositions, and these two witnesses are available to the Trustee, and can be presented as witnesses at trial.

The only other specific form of prejudice argued by the Trustee has to do with one of the Trustee's experts, Mary Gallagher. While Ms. Gallagher produced her expert report in June 2008, before the Trustee learned of the missing original documents in October 2008, Ms. Gallagher was not deposed by the Defendants until March 20, 2009, several months *after* the Trustee received the compact disc copies of all of the documents in question on November 17, 2008 and received all of the actual original documents on December 17, 2008. During the hearings on the motions, Trustee's counsel could not identify any way in which Ms. Gallagher's expert report or her deposition testimony might have been different had the Trustee's counsel obtained the documents in question before the expert report and deposition were done. In fact, as of the dates of the hearings on the motions, the Trustee had not given any of the documents in question to his expert Ms. Gallagher to review, even to advise the Trustee as to whether they might make any difference in her opinions or testimony. Given this, the Trustee has failed to demonstrate that he suffered any prejudice with respect to the formation or expression by his expert Mary Gallagher of her opinions in this case.[6]

---

[6] Trustee's counsel argued that he had not sent any of the missing documents to Ms. Gallagher to review for reasons of economy. But such financial considerations do not relieve the Trustee of the burden of demonstrating prejudice, or that for some other reason, the documents in question were of

7

**Third**, the Trustee's plea for relief is not helped by his argument that Taunt's withholding of these original documents was a violation of the automatic stay, including the provisions of 11 U.S.C. § 362(a)(3).[7] While there may have been a technical violation of the automatic stay, no relief for such violation would be appropriate in this case, for the following reasons.

Initially, this Court has no authority to grant any relief to the Trustee that is based on § 362(k)(1) of the Bankruptcy Code. That section states:

> Except as provided in paragraph (2), **an individual** injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1) (emphasis added). This section does not apply here, because the Chapter 7 Trustee is not "an individual" within the meaning of § 362(k)(1). While the Trustee is a human being, in his capacity as Trustee he represents the Chapter 7 bankruptcy estate, which is not a human being, and therefore not an "individual." This Court has so ruled in prior cases, and incorporates those prior rulings here by reference.[8] *See also In re Sayeh*, — B.R. —, No. 08-19596, 2011 WL 722527, at *6 (Bankr. D. Mass. Feb. 23, 2011)(citing *Havelock v. Taxel* (*In re Pace*), 67 F.3d 187, 192 (9th Cir.1995) and 3 *Collier on Bankruptcy*, ¶ 362.12[3] (Alan N.

---

consequential value or benefit to the estate.

[7] That subsection of § 362(a) says that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of — . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

[8] *See, e.g.*, this Court's bench opinion of July 30, 2009 in *Lewis v. Negri Bossi* (*In re Mathson Industries, Inc.*), Adv. No. 09-4639 (Transcript, on file at Docket # 102, at pp. 64-65)(holding that Chapter 7 Trustee is not "an individual" within the meaning of Section 362(k)(1)). A copy of the relevant excerpts from this bench opinion are being filed in this case today, as a supplement to this opinion.

8

Resnick and Henry J. Sommer eds., 16th ed.2010))(noting a split of authority "on the question of whether a bankruptcy trustee, acting as a representative of a bankruptcy estate, is an 'individual' within the meaning of § 362(k)(1)" and concluding that "the better view . . . is that 'individual' does not include a trustee as representative of a bankruptcy estate . . . [and that t]he Trustee therefore may not have recourse to § 362(k)(1)."); *cf. Spookyworld, Inc. v. Town of Berlin* (*In re Spookyworld, Inc.*), 346 F.3d 1, 7-8 (1st Cir. 2003)(Chapter 11 debtor corporation is not "an individual" within the meaning of former section 362(h), now found at section 362(k)(1)).

Despite this, the Court has previously ruled, and now reiterates its prior rulings in other cases, that when the entity injured by a violation of the automatic stay is not "an individual," but rather is a Chapter 7 Trustee or a Chapter 11 debtor in possession, that entity may be awarded appropriate relief based on 11 U.S.C. § 105(a), which permits the bankruptcy court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).[9] But such relief under § 105(a) is *discretionary*, not mandatory. *See Sensenich v. Ledyard Nat'l Bank* (*In re Campbell*), 398 B.R. 799, 814 (Bankr. D. Vt. 2008)(quoting *Havelock v. Taxel* (*In re Pace*), 67 F.3d 187, 193 (9th Cir. 1995))("'[A]n award of damages under section 362(h) [now § 362(k)(1)] is mandatory, [but] an award of damages [for willful violations of the automatic stay] under section 105(a) is discretionary.'"); *see also Spookyworld, Inc. v. Town of Berlin* (*In re Spookyworld, Inc.*), 346 F.3d 1, 8 (1st Cir. 2003)(characterizing bankruptcy courts' power under 11 U.S.C. § 105(a) "to award damages [to

---

[9] *See, e.g.*, this Court's bench opinion in *Lewis v. Negri Bossi*, cited in footnote 8 *supra*, Transcript at 65; *see also* this Court's bench opinion of February 3, 2006 in *Deluxe Pattern Corp. v. Winget (In re Deluxe Pattern Corp.)*, Adv. No. 04-4578 (Transcript, on file at Docket # 59, at pp. 8-20). A copy of the transcript of this bench opinion is being filed in this case today, as a supplement to this opinion.

9

"corporations (and other non-'individual[s]')"] for automatic stay violations" as "[a] discretionary remedy"); *Honigman, Miller, Schwartz & Cohn, L.L.P. v. Adell* (*In re John Richards Homes Bldg. Co., L.L.C.*), 405 B.R. 192, 231 (E.D. Mich. 2009)("Orders under § 105(a) may include sanctions, but the bankruptcy court is not required to do so as § 105(a) is, on its face, a discretionary tool for the courts.").

In exercising its discretion under § 105(a) here, the Court concludes that it would not be "necessary or appropriate" to carry out the provisions of the Bankruptcy Code, including the automatic stay provisions of § 362(a), to award any relief, when the only violation of the automatic stay is a failure to turn over property of the estate that is not shown to be of consequential value or benefit to the estate — *i.e.*, that is not subject to a turnover order under § 542(a). That is the situation here.

**Fourth**, the Court cannot award the Trustee any relief here based on Fed.R.Civ.P. 37, which applies in this adversary proceeding under Fed.R.Bankr.P. 7037. The Trustee has not demonstrated that any of the provisions of Rule 37 that authorize sanctions apply in this context. Neither of the Trustee's motions can be fairly construed as a motion to compel discovery under Rule 37. And with respect to the original documents at issue, the Trustee cannot point to any discovery order of this Court, entered in either the main bankruptcy case or in this adversary proceeding, that Taunt or his counsel violated.

## III. Conclusion

This opinion and ruling on the Trustee's Turnover Motion and his Stay Violation/ Contempt Motion does not leave the Trustee without recourse for any failure by any of the Defendants in this adversary proceeding to provide discovery and disclosures as required by the

10

Federal Civil Rules. Indeed, the Trustee has aggressively pursued relief for claimed discovery violations by some of the Defendants, in the form of the Trustee's motions to compel against Plunkett & Cooney and Comerica Bank. Those motions have been the subject of numerous and extensive hearings; numerous orders have been entered on those motions in this adversary proceeding; and further issues remain to be decided by the Court regarding those motions, including the Trustee's request for sanctions under Civil Rule 37.

The two motions addressed by this opinion, however, have been rendered moot in large part, and to the extent the motions are not moot, for the reasons stated above, the Court declines to award any relief. For these reasons, the Court will enter separate orders denying each motion.

**Signed on April 15, 2011**          **/s/ Thomas J. Tucker**
                                      **Thomas J. Tucker**
                                      **United States Bankruptcy Judge**