# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:

| | |
|---|---|
| **M.T.G., INC., d/b/a MATRIX**<br>**TECHNOLOGIES GROUP,** | **Case No. 95-48268**<br>**Chapter 7**<br>**Judge Thomas J. Tucker** |
| **Debtor.** | |

---

**GUY C. VINING, etc.,**

                **Plaintiff,**                  **Adv. No. 03-4950**

**v.**

**COMERICA BANK, et al.,**

                **Defendants.**

---

## OPINION AND ORDER REGARDING DEFENDANT PLUNKETT & COONEY, P.C.'S MOTION TO STRIKE EXHIBIT A TO TRUSTEE'S SUMMARY JUDGMENT MOTION

On January 9, 2015, the Court entered an order entitled "Order Permitting the Parties to File Potentially Dispositive Motions, and Setting Schedule and Certain Rules for Same" (Docket # 576, the "January 9 Order"), which permitted each party to file a potentially dispositive motion, and set a briefing schedule. The January 9 Order also granted each party permission to exceed the page limits for briefs imposed by LBR 9014-1(e) (E.D. Mich.),[1] by "allowing opening briefs in support of and in opposition to each such motion that do not exceed 50 pages in length, and reply briefs that do not exceed 15 pages in length." The parties filed motions for summary judgment, and supporting and opposing briefs. (*See* Docket ## 578, 579, 581-84, 586, 588-89,

---

[1] LBR 9014-1(e) permits briefs in support of and in opposition to a motion in an adversary proceeding of "not more than 20 pages in length" and "reply briefs of not more than 5 pages in length."

598).

Now before the Court is a motion by Defendant Plunkett & Cooney, P.C. ("Plunkett & Cooney") to strike Exhibit A to the Trustee's brief in support of his summary judgment motion (Docket # 602, the "Motion to Strike").  In the Motion to Strike, Plunkett & Cooney argues that the brief in support of the Plaintiff Trustee's motion for summary judgment (Docket # 589, the "Trustee's Brief") exceeds the 50-page limit set by the January 9 Order.  This is so, according to Plunkett & Cooney, because Exhibit A to the Trustee's Brief, which is a 15-page, single-spaced document entitled "Summary of Evidence of Defendant's Actual Fraudulent Intent and Guilty Knowledge," contains additional facts and arguments, and therefore should be included in the page count for the Trustee's Brief.  Plunkett & Cooney argues further that "[i]f the Trustee had not manipulated the spacing in Exhibit A, it would equal well over twenty-five pages of additional argument, making the Trustee's [B]rief 70 to 75 pages long." (Mot. to Strike (Docket # 602) at 2 ¶ 5.)

Defendants Comerica Bank, Ronald Marcinelli, Steven Lyons, Paul Dufault and Michael A. Collins (collectively, "Comerica") filed a concurrence with the Motion to Strike (Docket # 607, the "Concurrence").  In addition to agreeing that Exhibit A should be considered a part of the Trustee's Brief for the purpose of the page limit in the January 9 Order, the Concurrence argues that the Trustee's Brief circumvents the 50-page limit by (1) including multiple other substantive (as opposed to evidentiary) exhibits;[2] (2) by omitting a statement of facts; (3) by incorporating by reference "'previous pleadings'" into the brief; (3) by the "liberal use of single-spaced block quotations"; and (4) by the excessive use of lengthy single-spaced footnotes which

_____

[2] Comerica argues that Exhibits DM and PD to the Trustee's Brief fall within this category.

2

"advance substantive arguments distinct from and additional to those contained in the body text[.]"

The Trustee filed an objection to the Motion to Strike (Docket # 608, the "Objection"). In the Objection, among other things, the Trustee points out that the motion for summary judgment and brief in support of such motion filed by Defendants Charles J. Taunt and Charles J. Taunt and Associates, P.C. (the "Taunt Defendants")(Docket ## 588, 598) are a combined 77 pages in length.

The Court concludes that a hearing on the Motion to Strike is not necessary, and that the Motion to Strike should be granted. The Court concludes that the Trustee's Brief exceeds the 50-page limit in the January 9 Order, for the following reasons: (1) the Trustee's Brief does not contain a statement of facts;[3] (2) Exhibit A to the Trustee's Brief is the equivalent of a brief;[4] and

---

[3] The Trustee's Brief states, regarding the missing statement of facts: "The Trustee is confident that the Court is entirely familiar with the factual and procedural background of this case. For purposes of convenience and given briefing page limitations, the Trustee refers the Court to the Trustee's previous pleadings, which are incorporated herein by reference and attached as Exhibits." (Trustee's Br. at 2.) The Trustee's Brief must contain a statement of facts. *See Watlington v. Chicago Transit Auth.*, No. 09 C 4367, 2012 WL 1681980, at *1 (N.D. Ill. May 14, 2012)(citation omitted)("Omitting a narrative statement of facts from a brief makes the court's task in organizing and setting forth the undisputed facts significantly more difficult and time consuming, and it also allows a party to circumvent the page limit on briefs imposed by Local Rule 7.1 and this court."); *Flege v. Williamstown Indep. Sch.*, No. 06-47-DLB, 2007 WL 679022, at *1 n.1 (E.D. Ky. March 1, 2007)(concluding that the plaintiffs' failure to include a fact section in their response while including an attached, 14-page exhibit listing relevant events, was a "not-so-subtle attempt to circumvent the Joint Local Rules, namely Rule 7(d)" and finding that the plaintiffs' response "although technically 39 pages in length without a 'fact' section, effectively exceeded the 40 page limit by way of [the] attached 14-page exhibit" containing facts"). The fact sections of the various pleadings that the Trustee incorporated into his brief would render the Trustee's Brief well over the page limit imposed by the January 9 Order.

[4] The use of exhibits to briefs with substantive arguments in them is not permissible, especially where such practice circumvents the page limit requirements imposed by a court order or rule of procedure. *See, e.g.*, *De La Torre v. Legal Recovery Law Office*, No. 12cv2579-LAB (WMc), 2013 WL 5462294, at *3 (S.D. Cal. Sept. 30, 2013)(citation omitted)("[A]rguments must be raised in the brief itself, not in exhibits.").

3

(3) the Trustee's Brief incorporates by reference many of the Trustee's previous pleadings.[5]

Although the Court agrees with the argument in the Concurrence that the excessive use of block quotations or single-spaced footnotes to circumvent a page limit is not permitted, the Court finds that the Trustee is not guilty of this.

The Court also concludes that the brief in support of the Taunt Defendants' motion for summary judgment (Docket # 598) also exceeds the 50-page limit in the January 9 Order. This is so because, in addition to their 49-page brief, the Taunt Defendants' motion for summary judgment (Docket # 588) contains facts, substantive legal arguments, and citations, and therefore must be included in the page count for the brief. The Taunt Defendants' motion for summary judgment and brief in support combined, excluding title pages and tables, total 72 pages.

Finally, to the extent the Trustee requests, after the fact, leave to file a brief that exceeds the page limit set by the January 9 Order, that request is denied. The Court concludes that the Trustee has not demonstrated good cause for such relief.

---

[5] The previous pleadings, incorporated by reference into the Trustee's Brief, must be counted for purposes of the 50-page limit imposed by the January 9 Order. *See United States v. Carradine*, 621 F.3d 575, 580 n.1 (6th Cir. 2010)(citation omitted)(concluding that a party's attempt "to incorporate by reference a 27-page brief filed with [the] court in an unrelated case . . . would circumvent [the court's] 10-page limit.") *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 453 (6th Cir. 2003)(finding that counsel's certification that his brief complied with the 30-page limit imposed by a federal rule of appellate procedure was false, where the page count clearly omitted arguments included in documents which were incorporated by reference into the brief); *Pagtakhan v. Doe*, No. C 08-2188 SI (pr), 2013 WL 3052865, at *5 (N.D. Cal. June 17, 2013)("Plaintiffs also may not circumvent the page limits by incorporating by reference other documents."); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC* , 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012)("Plaintiff's opposition to Defendants' Motion for Summary Judgment attempts to incorporate by reference the arguments made in Plaintiff's motion to strike. Such incorporation by reference is improper, and it foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit requirement."); *Bryant v. Jones*, No. 1:04-CV-2462WSD, 2006 WL 584762, at *6 (N.D. Ga. March 20, 2006)("[W]hen a party incorporates by reference an entire section of another brief, it is the Court's position that the incorporated section should count against the 25-page and 15-page limits set out in Local Rule 7.1(D).").

For these reasons,

IT IS ORDERED that:

1.  The Motion to Strike (Docket # 602) is granted to the extent of the relief provided in this Order, and to any other extent, is denied.

2.  The Trustee's Brief and its attached Exhibit A (Docket # 589, but no other exhibits at Docket # 589) are stricken, and will not be considered by the Court.

3.  The Trustee is granted leave to file a substitute brief, not to exceed 50 pages, to replace what this Order has stricken.  The deadline for doing so is **August 7, 2015.**  Any such substitute brief must include a fact section, and must not incorporate by reference into the brief, or attach as exhibits to the brief, any previous pleadings by the Trustee, or any exhibits which contain substantive legal arguments or citations.

4.  The Taunt Defendants' motion for summary judgment (Docket # 588) is stricken in part; namely, everything in that motion from the caption "Introduction" on page 2 through the end of page 27 is stricken, and will not be considered by the Court.

5.  The Taunt Defendants' brief in support of their summary judgment motion (Docket # 598, not including the exhibits) is stricken, and will not be considered by the Court.

6.  The Taunt Defendants are granted leave to file a substitute brief in support of their summary judgment motion, not to exceed 50 pages, to replace what this Order has stricken.  The deadline for doing so is **August 7, 2015.**  The rules stated in paragraph number 3 above apply to the Taunt Defendants' substitute brief.

7.  To the extent the Trustee requests leave to file a brief that exceeds the page limit(s) set by the January 9 Order, that request is denied.

8.  Henceforth, no party may file any paper of any kind in support of or in opposition to any potentially dispositive motion, except as authorized by this Order.  Any paper that is filed in violation of this Order will be stricken and the Court will not consider it.


**Signed on July 10, 2015**                                   /s/ Thomas J. Tucker
                                                              **Thomas J. Tucker**
                                                              **United States Bankruptcy Judge**

5