UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

M.T.G., INC., d/b/a MATRIX             Case No. 95-48268
TECHNOLOGIES GROUP,                Chapter 7
                                                     Judge Thomas J. Tucker
                    Debtor.
_____/

GUY C. VINING, etc.,

                    Plaintiff,                  Adv. No. 03-4950

v.

COMERICA BANK, et al.,

                    Defendants.
_____/

OPINION AND ORDER REGARDING JURY TRIAL
AND "STERN v. MARSHALL"-RELATED ISSUES

The Court has been holding a hearing on the parties' motions for summary judgment. The six motions being heard are listed in the Court's Notice of Hearing, filed November 13, 2015 (Docket # 659). The most recent hearing session was held on May 11, 2016, and the next such session is scheduled for June 1, 2016.

In the meantime, the Court has concluded that there are some loose ends that need attention, relating to (1) Defendants' consents to the Plaintiff Trustee's withdrawal of his demand for jury trial; and (2) the consent (or lack of consent) of the parties to the Bankruptcy Court entering a final order or judgment in this adversary proceeding, as to any of the Plaintiff Trustee's claims that are statutory non-core proceedings, or that must be treated as statutory non-core proceedings under applicable United States Supreme Court precedent. The purpose of this

Opinion and Order is to identify and tie up such loose ends.

**I. The jury trial issue**

The Plaintiff Trustee originally demanded a jury trial on all of his claims in this adversary proceeding. Later, the Plaintiff purported to withdraw his jury demand. Such a withdrawal is effective if all parties consent to it. *See* Fed. R. Civ. P. 38(d), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9015(a) ("[a] proper [jury] demand may be withdrawn only if the parties consent."). The issue now is whether all of the Defendants have so consented.

The Court concludes that every remaining Defendant in this adversary proceeding has expressly consented to the withdrawal of Plaintiff's jury demand.

This conclusion is based on the following review of the record.

1. The Plaintiff Trustee timely demanded a jury trial on all of the claims in his complaint.[1] No other party filed a jury demand.

2. On June 20, 2007, the Plaintiff and the Defendants in this adversary proceeding filed separate reports, entitled "Report of Parties' Rule 26(f) Conference."[2] In their Rule 26(f) Report, the Defendants stated that a jury trial was timely demanded and not waived, and that the parties consented to the Bankruptcy Court conducting the jury trial.[3] The Plaintiff's separate Rule 26(f) Report did not mention the jury trial issue,[4] but during the June 25, 2007 scheduling conference, the Plaintiff expressly consented to the Bankruptcy Court conducting any jury trial.[5]

3. On July 16, 2008, the Court entered an order entitled: "Order Granting in Part and Denying in

---

[1] Docket # 1.

[2] Docket ## 69, 70 (collectively, the "Rule 26(f) Reports").

[3] Defs.' Rule 26(f) Report (Docket # 69) at 4.

[4] Pl.'s Rule 26(f) Report (Docket # 70).

[5] *See* Adv. Pro. Scheduling Order (Docket # 71) at 2-3.

2

Part 'Comerica Defendants' Motion to Strike Jury Demand' (Docket # 168),"[6] which struck Plaintiff's jury demand as to the Pre-Petition Claims (Counts XV through XXI of Plaintiff's complaint). The July 16, 2008 Order did not strike the jury demand for the Post-Petition Claims (Counts I through XIV of Plaintiff's complaint).

4. On October 28, 2008, Defendants Comerica Bank, Michael Collins, Paul Dufault, Steven Lyons and Ronald Marcinelli (collectively, the "Comerica Defendants"), filed a motion to strike the jury demand with respect to the Plaintiff's Post-Petition Claims.[7]

5. On November 4, 2008, Defendants Charles J. Taunt and Charles J. Taunt & Associates, P.C. (collectively, the "Taunt Defendants"), filed a motion to strike the Trustee's jury demand.[8]

6. On November 13, 2008, the Plaintiff filed a response to each of the motions referred to in ¶¶ 4-5 above, in which the Plaintiff stated that he was withdrawing his jury demand.[9]

7. Also on November 13, 2008, the Plaintiff filed a document entitled "Notice of Withdrawal of Trustee's Demand for Jury Trial," stating that "[t]he Trustee hereby withdraws his demand for a jury trial in this action."[10]

8. As the Court noted in an Order filed on December 17, 2008:

> Plaintiff seeks to withdraw his jury demand. (See the items filed by Plaintiff at Docket ## 268, 269, and 270.) **During the December 17, 2008 hearing, all defendants through their counsel, except Richard May (who Plaintiff claims has defaulted and who has not appeared in this case) and Plunkett & Cooney, P.C. consented to the Plaintiff's withdrawal of his jury demand under Fed.R.Civ.P. 38(d)**, which applies in this adversary proceeding under Fed.R.Bankr.P. 9015(a). No later than December 24, 2008, Defendant Plunkett & Cooney, P.C. must file a statement indicating whether or not it consents to Plaintiff's withdrawal of his jury demand.[11]

---

[6] Docket # 209, the "July 16, 2008 Order."

[7] Docket # 248.

[8] Docket # 262.

[9] Docket ## 268, 269.

[10] Docket # 270.

[11] Further Scheduling Order, etc. (Docket # 292) at 2, ¶ 6 (emphasis added).

3

9. The transcript of the December 17, 2008 hearing confirms that during that hearing, counsel for every Defendant except Plunkett & Cooney, P.C. ("Plunkett & Cooney") and the defaulted defendant Richard May expressly consented to the withdrawal of Plaintiff's jury demand.[12]

10. On December 23, 2008, Plunkett & Cooney sought and obtained an order granting it an extension of time, until January 7, 2009, to file a statement regarding consent to the withdrawal of Plaintiff's jury demand.[13]

11. On January 7, 2009, Plunket & Cooney filed a document in the main bankruptcy case, entitled "Notice That Plunkett & Cooney Will Consent to the Trustee's Waiver of Jury Demand."[14] By filing this document, Plunkett & Cooney expressed its consent to the withdrawal of Plaintiff's jury demand.

12. By an order filed on January 13, 2009, however, the document just referred to was stricken, because it was filed in the main bankruptcy case, rather than in the adversary proceeding. (It was obviously intended to be filed in the adversary proceeding; it had the adversary proceeding caption on it, and concerned the Plaintiff's jury demand in the adversary proceeding.) It appears that Plunkett & Cooney never filed the document in the adversary proceeding. The Court attaches to this Order a copy of this document, so that it will be in the record of this adversary proceeding. The Court finds Plunkett & Cooney's consent, expressed in the January 7, 2009 Notice, which is refiled as an attachment to this Order, to be effective, even though that document was stricken from the main bankruptcy case.

13. After Plunkett & Cooney filed its notice of consent to the withdrawal of Plaintiff's jury demand, all of the parties have agreed and assumed that the Plaintiff's jury trial demand is effectively withdrawn, and that any trial in this adversary proceeding will be a bench trial. For example, at a hearing held on September 1, 2010, attended by counsel for every party (the Plaintiff, the Comerica Defendants, the Taunt Defendants, Plunkett & Cooney, and American Casualty Company of Reading PA ("American Casualty")), two of the attorneys for the Plaintiff and an attorney for the Comerica Defendants stated that there is no longer a jury trial in this case.[15] No other attorney contradicted or disputed these statements during the hearing.

Based on the foregoing, the Court concludes that every party in this adversary proceeding

---

[12] Tr. of December 17, 2008 hearing (Docket # 382) at 52-57.

[13] Docket ## 308, 309.

[14] Case No. 95-48268, Docket # 1522.

[15] Tr. of September 1, 2010 hearing (Docket # 471) at 116.

4

consented to the withdrawal of the Plaintiff's jury demand. As a result, that withdrawal is effective, and any trial that occurs in this adversary proceeding will be a bench trial, not a jury trial.

**II. Consent to the Bankruptcy Court entering a final judgment or order**

In the original Rule 26(f) Reports filed on June 20, 2007, discussed in numbered paragraph 2 above, the Plaintiff took the position that this adversary proceeding is a core proceeding, without differentiating among the many counts in Plaintiff's complaint.[16] In their Rule 26(f) Report, on the other hand, the Defendants took the position that this adversary proceeding is a non-core proceeding, also without differentiating among the many counts in the Plaintiff's complaint.[17]

In determining whether a proceeding is core or non-core, within the meaning of 28 U.S.C. § 157, the Court must make such determination on a claim-by-claim basis. Some claims may be core and some claims may not be core, in the same proceeding. *See Waldman v. Stone*, 698 F.3d 910, 921 (6th Cir. 2012) (citing *In re Exide Techs.*, 544 F.3d 196, 206 (3d Cir.2008)) ("Whether a proceeding is core is determined on a claim-by-claim basis."); *Bliss Techs., Inc. v. HMI Indus., Inc.* (*In re Bliss Techs., Inc.*), 307 B.R. 598, 603 (Bankr. E.D. Mich. 2004).

In this adversary proceeding, the Court has not yet made such a determination. It will not be necessary to do so, *if* all of the parties consent to the Bankruptcy Court entering a final judgment or final order in the adversary proceeding. *See generally* 28 U.S.C. § 157(c)(2).

To date, some but not all of the parties have so consented. As the Court noted in the

---

[16] Pl.'s Rule 26(f) Report (Docket # 70) at 3.

[17] Defs.' Rule 26(f) Report (Docket # 69) at 4.

5

Adversary Proceeding Scheduling Order filed on June 25, 2007,

> During the June 25, 2007 scheduling conference the Plaintiff, the Comerica [D]efendants, and Defendant Miller Canfield expressly consented to a reference to the bankruptcy court for trial and entry of final judgment on any non-core matters under 28 U.S.C. § 157(c)(2). If the remaining parties wish to so consent, they must file a stipulation or notice expressing such consent no later than July 28, 2008.[18]

Later, in a document filed on October 28, 2008, the Taunt Defendants stated that they do not consent to the Bankruptcy Court entering a final judgment under § 157(c)(2).[19] It appears that Defendants Plunkett & Cooney and American Casualty did not file any document stating whether or not they consent under § 157(c)(2), so they are deemed currently not to consent.

After the events of 2007 and 2008 discussed above, the legal landscape regarding a bankruptcy court's authority to enter final judgments and orders changed, because of the United States Supreme Court's decisions in *Stern v. Marshall* and later cases. *See Stern v. Marshall*, 131 S. Ct. 2594, 2601, 2620 (2011) (holding that bankruptcy courts lack constitutional authority to enter final orders and judgments on certain types of claims that are designated as "core" proceedings under 28 U.S.C. § 157(b)(2)); *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2168 (2014) (holding that, consistent with the Constitution, bankruptcy courts can adjudicate *Stern* claims as "non-core" proceedings, and enter "proposed findings of fact and conclusions of law to be reviewed de novo by the district court"); *Wellness Int'l Nework, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948-49 (2015) (holding that "Article III [of the Constitution] permits bankruptcy courts to decide *Stern* claims submitted to them by consent" and that consent need

---

[18] Docket # 71 at 3 ¶ 14.

[19] Docket # 245.

not be express but may be implied "based on 'actions rather than words.'").

In the wake of the *Stern*, *Arkison*, and *Wellness* cases just cited, there are three classes of claims:

(1) claims that are defined as "core" proceedings by 28 U.S.C. §§ 157(b)(1) and 157(b)(2),[20] on which bankruptcy courts have both statutory and constitutional authority to enter final judgments under *Stern*;

(2) claims that are defined as "core" proceedings by 28 U.S.C. §§ 157(b)(1) and 157(b)(2), but on which bankruptcy courts do *not* have constitutional authority to enter final judgments under *Stern*, absent consent of all the parties as permitted under *Wellness* (referred to below as "*Stern*-core claims"); and

(3) claims that are defined as non-core proceedings under 28 U.S.C. §§ 157(b) and 157(c), on which bankruptcy courts do not have statutory or constitutional authority to enter final judgments, absent consent of all the parties as permitted under 28 U.S.C. § 157(c)(2).

In the *Arkison* case, cited above, the Supreme Court held that claims of the type described in item (2) above are to be treated like claims of the type described in item (3) above (*i.e.*, as non-core claims subject to the procedures of 28 U.S.C. § 157(c).) *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. at 2173. Thus, with respect to claims of the type described in both item (2) and item (3) above (*Stern*-core claims and statutory non-core claims), the following procedures apply, under 28 U.S.C. § 157(c): if all parties consent to the bankruptcy court entering a final judgment on such claims, under § 157(c)(2), then the bankruptcy court may do so; otherwise, the

---

[20] For more on what types of claims are statutorily-defined core claims under §§ 157(b)(1) and 157(b)(2), *see, e.g.*, *Madden v. Morelli* (*In re Energy Conversion Devices, Inc.*), 548 B.R. 208, 214-15 (2016).

bankruptcy court must follow the procedure of § 157(c)(1), and submit proposed findings of fact and conclusions of law to the district court, for the *de novo* review described in § 157(c)(1).

In light of the fact that bankruptcy courts have the statutory and constitutional authority to enter final orders and judgments on both non-core and *Stern*-core claims with the consent of all of the parties, this Court's model form entitled "Report of Parties' Rule 26(f) Conference"[21] now includes the following choices, which parties are expected to make:

> [ ] The parties consent to the Bankruptcy Court entering a final order or judgment in this proceeding; or
>
> [ ] The parties do not consent to the Bankruptcy Court entering a final order or judgment in this proceeding.

Under the circumstances, and in this post-*Stern* legal landscape, the Court deems it necessary, fair, and appropriate to require the parties now to state whether or not they consent to the Bankruptcy Court entering a final order or final judgment in this adversary proceeding, with respect to any *Stern*-core claims and any non-core claims. The Court has no preference whatsoever as to what choice(s) the parties make — the Court will adapt to whatever choice(s) the parties make. But the parties need to make a choice. The Court will set a deadline by which the parties must express their choice.

### III. Conclusion and Order

For the reasons stated above,

IT IS ORDERED that:

1. Plaintiff's jury demand is deemed withdrawn, so that any trial in this adversary proceeding

---

[21] This form is available on the Court's website, under "Forms"/"All Local Forms."

03-04950-tjt    Doc 705    Filed 05/27/16    Entered 05/27/16 15:55:56    Page 8 of 11

will be a bench trial, rather than a jury trial.

2. *No later than June 24, 2016*, Plaintiff and each of the Defendants must file a statement regarding consent, which answers the following question:

> In response to the Court's Order filed May 27, 2016, do you consent, under 28 U.S.C. § 157(c)(2) and under *Wellness Int'l Nework, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015), to the Bankruptcy Court entering a final judgment or final order in this adversary proceeding on any and all claims that are *Stern*-core claims or that are statutory non-core claims?

3. Any party that does not timely file a statement of the type described in paragraph 2 above will be deemed *not* to so consent.

**Signed on May 27, 2016**                        /s/ **Thomas J. Tucker**
                                                  **Thomas J. Tucker**
                                                  **United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

M.T.G., d/b/a MATRIX
TECHNOLOGIES GROUP,

Case No. 95-48268 TJT
Chapter 7
Hon. Thomas J. Tucker

    Debtor(s).

---

GUY C. VINING, as the Trustee for
the Chapter 7 Estate of M.T.G., Inc.,
and in the name of the UNITED STATES
OF AMERICA, MORRIS & DOHERTY, P.C.

    Plaintiff,

v.

Adv. No. 03-4950

COMERICA BANK, CHARLES J. TAUNT,
AMERICAN CASUALTY COMPANY OF READING, PA,
CHARLES J. TAUNT & ASSOCIATES, P.C.,
PLUNKETT & COONEY, P.C., MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C. d/b/a MILLER CANFIELD,
RONALD MARCINELLI, STEVEN LYONS, PAUL DUFAULT,
MICHAEL A. COLLINS and RICHARD MAY,

    Defendants.

---

## NOTICE THAT PLUNKETT & COONEY WILL CONSENT TO THE TRUSTEE'S WAIVER OF JURY DEMAND

    BY:   /s/David C. Anderson
BRIAN D. EINHORN (P13130)
DAVID C. ANDERSON (P55258)
GEOFFREY M. BROWN (P61656)
COLLINS, EINHORN, FARRELL & ULANOFF, P.C.
Attorney for Plunkett & Cooney, P.C., only
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
david.anderson@ceflawyers.com
brian.einhorn@ceflawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will cause a copy to be served electronically to counsel of record.

> BY: /s/David C. Anderson
> DAVID C. ANDERSON (P55258)
> COLLINS, EINHORN, FARRELL & ULANOFF, P.C.
> Attorney for Plunkett & Cooney, P.C., only
> 4000 Town Center, Suite 909
> Southfield, MI 48075
> (248) 355-4141
> david.anderson@ceflawyers.com

Dated: January 7, 2009